**FILED**
FEB 2 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD SPRUEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08 0367 |
| | ) |
| STATE OF WASHINGTON, | ) |
| | ) |
| Respondent. | ) |

## TRANSFER ORDER

Among other things, petitioner appears to challenge his conviction and the sentence imposed by a state court in Washington. Challenges of this nature sound in habeas, and habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Therefore, the Court will transfer this matter to the district in which petitioner currently is incarcerated. Resolution of petitioner's application to proceed *in forma pauperis* is left to the transferee court to decide.

Accordingly, it is hereby

ORDERED that this action is TRANSFERRED to the United States District Court for the Western District of Washington.

SO ORDERED.

DATE: 2/8/08

_____
United States District Judge